**In re: GRAND JURY SUBPOENA NO.2002R02810(163) NO.2005–01 TO JOHN DOE, Appellant.**

No. 06–11683
Non–Argument Calendar.
D.C. Docket No. 06–00001–
MC–J–32–MMH.

United States Court of Appeals,
Eleventh Circuit.

April 13, 2006.

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

John Doe [1] appeals the order of contempt entered against him by the district court when he asserted his Fifth Amendment right against self-incrimination and refused to comply with the order of the district court to perform a handwriting exemplar in conjunction with a grand jury investigation. Doe argues that the handwriting exemplar is compelled self-incrimination because handwriting conveys mental impressions that are clearly testimonial and communicative with the meaning of the Fifth Amendment. Because the Supreme Court has held that compelled handwriting exemplars do not violate the privilege against self-incrimination found in the Fifth Amendment and Doe does not challenge the content of the exemplars, we affirm.

In December 2005, Doe was served with a Grand Jury Subpoena that commanded him to provide a handwriting exemplar. After several extensions of time to perform the exemplar, Doe filed a motion to quash the subpoena on January 31, 2006. Doe argued that handwriting is not a mere physical trait, but a conveyance of mental impressions, and that he could not be forced to perform a handwriting exemplar in violation of his Fifth Amendment privilege against self-incrimination. The district court held a hearing on the motion on February 2, 2006, and granted in part and denied in part the motion on February 15, 2006. The district court concluded that it was bound by Supreme Court precedent in *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), which held that handwriting exemplars did not offend the Fifth Amendment privilege against self-incrimination, but the district court held that certain portions of the handwriting exemplar provided by the government were testimonial and redacted those portions. The district court ordered Doe to comply with the redacted handwriting exemplar by March 1, 2006. Doe again asserted his Fifth Amendment right against self-incrimination and refused to perform the handwriting exemplar. The district court held Doe in civil contempt. This appeal followed.

"The applicability of a privilege involves a mixed question of law and fact. Purely factual issues are subject to the 'clearly erroneous' standard of review and the application of law to facts is determined *de novo* by the court of appeals." *In re Grand Jury Subpoena Dated Nov. 12, 1991,* 957 F.2d 807, 809 (11th Cir.1992).

In *Gilbert,* the Supreme Court held that "[a] mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. No claim is made that the content of the exemplars was testimonial or communicative matter." *Gilbert v. California,* 388 U.S. 263, 267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178 (1967). Doe argues that because scientific evidence shows that handwriting is a process of the brain, not the hand, which discloses conscious and unconscious thought processes, a handwriting exemplar provides testimonial evidence. Doe contends that *Gilbert* did not address whether a handwriting exemplar could compel testimonial disclosures but was predicated on the sweeping caveat that no "claim [wa]s made that the content of the exemplars was testimonial or communicative."

Doe's argument fails. The Court in *Gilbert* held that it is the content of what is written that alters the non-testimonial nature of a handwriting exemplar. Doe does

---

1. Because this appeal involves proceedings before a grand jury, and the briefs and record on appeal are under seal, we use a pseudonym to preserve anonymity.

not challenge the content of the handwriting exemplar, but the fact of the exemplar. Despite Doe's arguments to the contrary, the Supreme Court has held that a handwriting exemplar is an identifying physical characteristic that falls outside the protection of the Fifth Amendment, and we are not at liberty to disregard that clear precedent. *Hohn v. United States*, 524 U.S. 236, 252–53, 118 S.Ct. 1969, 1978, 141 L.Ed.2d 242 (1998).

Doe also argues that he cannot be compelled to produce a handwriting exemplar when the act of subscribing is an element of the offense. Nothing in *Gilbert*, however, suggests that a handwriting exemplar would become testimonial evidence or would be privileged if subscribing were an element of the offense.

The order of the district court is

AFFIRMED.